```
 1  MARK WOOD      [SBN 41640]
    JOHN F. DAUM    [SBN 118453]
 2  MARTIN S. CHECOV [SBN 96901]
    STEVEN H. BERGMAN [SBN 180542]
 3  O'MELVENY & MYERS LLP
    400 South Hope Street
 4  Los Angeles, California  90071-2899
    Telephone (213) 430-6000
 5  Facsimile  (213) 430-6407

 6  ROBERT J. ROMERO   [SBN 136539]
    BRADLEY M. ZAMCZYK   [SBN 151753]
 7  HINSHAW & CULBERTSON LLP
    One California Street, 18th Floor
 8  San Francisco, California  94111
    Telephone: (415) 362-6000
 9  Facsimile: (415) 834-9070

10  JANELLE F. GARCHIE [SBN 118453]
    LEWIS BRISBOIS BISGAARD & SMITH LLP
11  550 West C Street, Suite 800
    San Diego, California  92101-3540
12  Telephone: (619) 233-1006
    Facsimile: (619) 233-8627
13
    Attorneys for Defendant
14  ACE PROPERTY AND CASUALTY INSURANCE COMPANY
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>ACE PROPERTY AND CASUALTY<br>INSURANCE COMPANY,<br><br>    Defendant. | Case No. C-99-20207 JW<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR AN ORDER PERMITTING FILING OF BRIEFS EXCEEDING PAGE LIMITATIONS<br><br>Judge:  Hon. James Ware |

1

ACE PROP. AND CAS. INS. CO.'S MISC. ADMIN. REQ. FOR AN ORDER PERMITTING FILING BRFS. EXC. PGE. LIMITS.
Case No. C-99-20207 JW

## I. INTRODUCTION

Defendant, ACE Property and Casualty Insurance Company ("ACE") files this request under N.D. Ca., Civ. L.R. 7-11, in connection with the briefing and hearing schedules regarding this Court's review of the December 4, 2006, Report of the Special Master ("2006 Report").

This request is for an order permitting ACE to file its opening brief in support of its motion to modify or reject the 2006 report ("ACE's Opening Brief"), exceeding the 25 page limit, and permitting Hewlett-Packard ("HP") to file an Opposition to ACE's Opening Brief exceeding the 25 page limit.

ACE recognizes that oversized briefs are generally disfavored as having the potential to create additional burdens on the Court and its staff. However, ACE contends that longer briefs in response to the 2006 Report are warranted because they will assist, and make easier, the Court's task of independent review (under Fed.R.Civ. P. 53(e)(2)) of the Special Master's 2006 Report. Accordingly, ACE requests that this court permit the parties to file 65 page briefs in response to the 2006 Report.

## II. PROCEDURAL BACKGROUND CONCERNING BOTH REQUESTS

The Special Master's 2006 Report is 122 pages long. The 2006 Report makes numerous recommendations regarding the admissibility of evidence, expert witnesses, and again, recommends that ACE reimburse HP in excess of $28 million. The 2006 Report includes a detailed analysis of the relevant legal authority, burdens of proof and standard employed by the Special Master to support his recommendation.

ACE's counsel has fulfilled the requirements of Civ. L.R. 7-11 regarding the form and contents of this request. On February 22, 2007, ACE's counsel contracted HP's counsel in an attempt to reach a stipulation regarding the page limits applicable to motions in response to the 2006 Report. HP's counsel took the request under consideration.

On February 23, 2007, HP's counsel responded by email, advising:

> We request and authorize you to advise the Court in your motion (1) that HP does not oppose a reasonable increase in the length of your memorandum (as determined by the Court) provided: (2) that HP would be

entitled to file a response memorandum of the same length and (3) that ACE's reply memorandum be within the page limits of L.R. 7-4(b).

(See James Lowe's February 23, 2007, email attached to Declaration of Bradley M. Zamczyk as Exhibit A.)

Although ACE and HP were not able to stipulate to an increase in the page limit, based on Mr. Lowe's February 23, 2007, email, HP has no objection to ACE's requested page increase on the condition that HP is afforded the same increase in page limit. Accordingly, ACE requests that the Court order that ACE shall have a 65 page limit for its Motion to Modify or Reject the 2006 Report, and HP shall have a 65 page limit for its opposition brief. As requested by HP, ACE does not seek an extension of the page limit for its reply brief. (Declaration of Bradley M. Zamczyk ¶¶ 3-4.) As demonstrated by the attached proof of service, this Request and its attachment have been delivered to HP's counsel by facsimile on the date of filing.

### III.  REQUEST TO ALLOW FILING OF OVER-SIZED BRIEFS

ACE's brief objecting to the 2006 Report is presently due on February 28, 2007. Under local rules, those briefs are restricted to 25 pages of text. (Civ. L.R. 7-4(b).) The page limitation set forth in this local rule apply to all motions generically – not specifically to objection briefs regarding a Special Master's final report after a Rule 53 Reference.

ACE's request for permission to file an oversized brief is properly brought under Civ. L.R. 7-11. A noticed motion could not be briefed and heard before ACE's brief in question is due for filing. Moreover, Civ. L.R. 7-11 expressly applies to "requests to exceed otherwise applicable page limitations."

ACE acknowledges that such an administrative request must be accompanied by a showing of good cause – addressed to the *need* to exceed the page limit rather than to the substance of the motion itself. (See, *In re Intermagnetics America, Inc.,* 101 B.R. 191, 194 (C.D. Ca 1998).)

Good cause exists for ACE's request because of the nature of the briefs involved. The briefs will address the 2006 Report of the Special Master that consists of 122 pages

3

ACE PROP. AND CAS. INS. CO.'S MISC. ADMIN. REQ. FOR AN ORDER PERMITTING FILING BRFS. EXC. PGE. LIMITS.
Case No. C-99-20207 JW

containing conclusions of law and findings of fact. A Rule 53 Reference typically is made to allow a Special Master to perform tasks including computations and decisions on damages based upon testimony from numerous witnesses and review of the myriad evidentiary documents. This was the situation in the present matter. The Special Master was asked to review HP's claim to approximately $28 million in attorneys' fees and costs.

As the case involves a non-jury trial, this Court has the function of ruling on both the facts and the law of the parties' damages dispute. The Rule 53 Reference did not change this, as it is not the functional equivalent of binding arbitration. Under Rule 53, this Court must review all legal issues *de novo*. Rule 53 specifies that the review must be independent and inclusive of the full record. ACE believes that the oversized briefs will assist in this endeavor.

ACE previously timely filed its Objections to the 2006. In its Objections to the 2006 Report, ACE raised 136 specific factual or legal objections. ACE anticipates that its Opening Brief in response to the 2006 Report will contain, at a minimum, legal discussion as to the scope of the Rule 53 Reference, the standards of review by this Court of the 2006 Report, the procedural objections to the reference and the resulting report, the burdens of proof on the respective parties, inconsistent legal positions taken by HP's counsel and the standards concerning the reasonableness of fees. A total of thirteen (13) days of testimony, including the 2002 and 2006 hearings, and many evidentiary references will be discussed regarding the factual findings to be made in this case. Admissibility of evidence at the hearing must be discussed. The punitive nature of the $28 million dollar (plus interest) award must also be discussed.

After the January 2006, remand hearing, the parties filed post remand hearing briefs to assist the Special Master. HP's brief was 212 pages, and ACE's brief was 58 pages. Given the number of issues, the extent of the evidence, and the amount at issue, ACE contends that 65 pages are necessary to adequately address the relevant issues arising from the 2006 Report. These issues include, but are not limited to, the Special Master's reliance on an inappropriate standard, the Special Master's refusal to employ the standard ordered by

4

ACE PROP. AND CAS. INS. CO.'S MISC. ADMIN. REQ. FOR AN ORDER PERMITTING FILING BRFS. EXC. PGE. LIMITS.
Case No. C-99-20207 JW

this Court, the Special Master's rulings on motions to strike, the Special Master's analysis of the relevant legal authority, the scope of the Rule 53 Reference and the punitive nature of the Special Master's legal standards and ultimate decision on the award. Further, ACE must make a request for additional material factual findings that the Special Master declined to make.

Because the Court faces a review of all the evidence and legal contentions in this matter, briefs exceeding the 25 page limit by both parties would assist this Court and its staff rather create additional burden. It is anticipated that both sides' briefs will contain specific factual representations followed by the page specific references to the evidence, and will not only identify the legal issues involved, but include detailed references to case law from all jurisdictions.

In sum, the need for a 65 page limit is dictated by the complex nature of the legal and factual issues in this case, not by the desire for additional pages devoted to unsupported rhetoric. The monetary amount of the Special Master's recommended award not only signals great importance to each party, but indicates that a significant amount of underlying evidence must reviewed to determine the appropriateness of the award.

## IV. CONCLUSION

ACE respectfully requests that the Court issue an order extending the 25 page limit for ACE's Motion to Modify or Reject the 2006 Report, and HP's Opposition thereto. This request is supported by good cause, and is requested in an effort to assist, not burden, the court.

Date: February 23, 2007

HINSHAW & CULBERTSON LLP

By: _____
BRADLEY M. ZAMCZYK
Attorneys for Defendant
ACE PROPERTY AND CASUALTY
INSURANCE COMPANY

2955018   813640

**PROOF OF SERVICE**

*Hewlett-Packard Company v. ACE Property and Casualty Insurance Company*
**United States District Court, Northern District of California,
San Jose Division, Case No. C-99-20207 SW**

I am employed in the City and County of San Francisco. I am over the age of 18 years and not a party to the within entitled action. My business address is Hinshaw & Culbertson, One California Street, 18th Floor, San Francisco, California 94111.

On February 23, 2007, I served the within

**ACE PROPERTY AND CASUALTY COMPANY'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR AN ORDER PERMITTING FILING OF BRIEFS EXCEEDING PAGE LIMITATIONS; DECLARATION OF BRADLEY M. ZAMCZYK IN SUPPORT OF ACE PROPERTY AND CASUALTY INSURANCE COMPANY'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR AN ORDER PERMITTING FILING OF BRIEFS EXCEEDING PAGE LIMITATIONS; and [PROPOSED] ORDER**

on the following attorney(s) of record and/or interested parties in the above referenced case by depositing a true and correct copy (copies) by the following means:

[ ]   **(BY MAIL)** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

[x]   **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof from sending facsimile machine telephone number (415) 834-9070 to the following parties at the receiving facsimile machine numbers shown below. The transmission was reported as complete and without error, and the transmission report attached was properly issued by the transmitting facsimile machine.

[ ]   **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressee(s) noted below.

David A. Gauntlett, Esq.
James A. Lowe, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612
Tel:   (949) 553-1010
Fax:   (949) 553-2050
*Counsel for Plaintiff HEWLETT-PACKARD COMPANY*

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 23, 2007, at San Francisco, California.

_____
Cynthia M. Peña

1
PROOF OF SERVICE

| | |
|---|---|
| 1 | MARK WOOD   [SBN 41640] |
|   | JOHN F. DAUM   [SBN 118453] |
| 2 | MARTIN S. CHECOV [SBN 96901] |
|   | STEVEN H. BERGMAN  SBN [180542] |
| 3 | **O'MELVENY & MYERS LLP** |
|   | 400 South Hope Street |
| 4 | Los Angeles, California  90071-2899 |
|   | Telephone (213) 430-6000 |
| 5 | Facsimile   (213) 430-6407 |

ROBERT J. ROMERO   [SBN 136539]
BRADLEY M. ZAMCZYK   [SBN 151753]
**HINSHAW & CULBERTSON LLP**
One California Street, 18th Floor
San Francisco, California  94111
Telephone: (415) 362-6000
Facsimile: (415) 834-9070

JANELLE F. GARCHIE [SBN 118453]
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West C Street, Suite 800
San Diego, California  92101-3540
Telephone: (619) 233-1006
Facsimile: (619) 233-8627

Attorneys for Defendant
ACE PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, | Case No. C-99-20207 JW |
| Plaintiff, | |
| vs. | **DECLARATION OF BRADLEY M. ZAMCZYK IN SUPPORT OF ACE PROPERTY AND CASUALTY INSURANCE COMPANY'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR AN ORDER PERMITTING FILING OF BRIEFS EXCEEDING PAGE LIMITATIONS** |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

1

**DECL. OF B. ZAMCZYK IN SUP. OF ACE'S REQ. FOR AN ORDER PERMIT. FILING OF BRFS EXC. PG LIMITS**
Case No. C-99-20207 JW

I, Bradley M. Zamczyk, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the state of California and I am admitted to practice before this United States District Court for the Northern District of California.

2. I am a partner in the law firm of Hinshaw & Culbertson LLP, counsel of record for ACE Property and Casualty Insurance Company ("ACE") in the above-captioned case and I have been personally involved in the representation of ACE in this case. As such, I have personal knowledge of the facts stated in this declaration and could testify competently to them if called upon as a witness.

3. On February 22, 2007, I telephoned and spoke with James Lowe, counsel for Hewlett Packard Company ("HP") in this matter. During the call, I requested that ACE and HP jointly file a stipulation with the Court (for the Court's approval under Civ. L.R. 7-11) for an order allowing both parties to file briefs in response to the 2006 Report of the Special Master ("2006 Report) exceeding the 25 page limit. I specifically requested that HP stipulate to a 65 page limitation for briefs in response to the 2006 Report. Mr. Lowe advised that he would consider my request and get back to me.

4. On February 23, 2007, I received an email from Mr. Lowe refusing to stipulate to a 65 page limit. However, the email advised:

> We request and authorize you to advise the Court in your motion (1) that HP does not oppose a reasonable increase in the length of your memorandum (as determined by the Court) provided: (2) that HP would be entitled to file a response memorandum of the same length and (3) that ACE's reply memorandum be within the page limits of L.R. 7-4(b).

(Attached hereto as <u>Exhibit A</u> is a true and correct copy of James Lowe's February 23, 2007, email).

5. As established in ACE's Miscellaneous Administrative Request, good cause exists for an increase in the page limit applicable to ACE and HP's briefs in response to the 2006 Report.

1  I declare under penalty of perjury under the laws of the United States of America that
2  the foregoing is true and correct. Executed on February 23, 2007, at San Francisco,
3  California.

_____
BRADLEY M. ZAMCZYK

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3
**DECL. OF B. ZAMCZYK IN SUP. OF ACE'S REQ. FOR AN ORDER PERMIT. FILING OF BRFS EXC. PG LIMITS**
Case No. C-99-20207 JW

 "Lowe, James A." &lt;JAL@gauntlettlaw.com&gt;  
02/23/2007 09:04 AM

To &lt;bzamczyk@hinshawlaw.com&gt;

cc "Little, Eric R." &lt;ERL@gauntlettlaw.com&gt;, "Reid, Catherine" &lt;MCR@gauntlettlaw.com&gt;, "David Gauntlett" &lt;davida.gauntlett@gauntlettlaw.com&gt;

bcc

Subject HP v. ACE, 10191.003, ACE's request for additional page limit in briefing

Brad,

    Yesterday you requested HP's stipulation to a 65 page memorandum to be filed by ACE in opposition to the Special Master's recent report instead of the 25 page limit provided by L.R. 7-4(b). The commentary to that Local Rule refers to L.R. 7-10 in connection with a request to exceed page limitations. L.R. 7-10 concerns ex parte motions. It therefore appears that a request to exceed page limitations should be brought as an ex parte motion.

    We believe that it is inappropriate for the parties to stipulate that briefing to the court should exceed normal page limits by some specific amount; the extra pages are a burden on the Court and the Court has the discretion to determine and regulate briefing length. So we will not *stipulate* to increasing the memorandum length, including increasing it by 160%. But we do not want to be unreasonable if ACE has a genuine need for filing a longer memorandum.

    We suggest that ACE file an ex parte motion to exceed the page limitations providing justification for the additional pages. Although I understand there are complex issues in this case, you have not given me any explanation of the need for additional briefing and certainly not for any specific page length.

    We request and authorize you to advise the Court in your motion (1) that HP does not oppose a *reasonable* increase in the length of your memorandum (as determined by the Court) provided: (2) that HP would be entitled to file a response memorandum of the same length and (3) that ACE's reply memorandum be within the page limits of L.R. 7-4(b).

    Please contact me if you have any questions.


James A. Lowe, Esq.  
Gauntlett & Associates

<div style="text-align:center">

Gauntlett & Associates

(949) 553-1010

(949) 553-2050 FAX

</div>

This information is intended for use by the individuals or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us.



EXHIBIT A

```
1  MARK WOOD      [SBN 41640]
   JOHN F. DAUM    [SBN 118453]
2  MARTIN S. CHECOV [SBN 96901]
   STEVEN H. BERGMAN [SBN 180542]
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, California 90071-2899
   Telephone (213) 430-6000
5  Facsimile  (213) 430-6407

6  ROBERT J. ROMERO   [SBN 136539]
   BRADLEY M. ZAMCZYK   [SBN 151753]
7  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
8  San Francisco, California 94111
   Telephone: (415) 362-6000
9  Facsimile: (415) 834-9070

10 JANELLE F. GARCHIE [SBN 118453]
   LEWIS BRISBOIS BISGAARD & SMITH LLP
11 550 West C Street, Suite 800
   San Diego, California 92101-3540
12 Telephone: (619) 233-1006
   Facsimile: (619) 233-8627
13
   Attorneys for Defendant
14 ACE PROPERTY AND CASUALTY INSURANCE COMPANY
```

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, | Case No. C-99-20207 JW |
| Plaintiff, | [~~PROPOSED~~] ORDER |
| vs. | |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

Defendant ACE PROPERTY AND CASUALTY INSURANCE COMPANY'S ("ACE") Miscellaneous Administrative Request for an Order Permitting Filing of Briefs Exceeding Page Limits was filed on February 23, 2007. The court, having reviewed the

1 | Motion, accompanying Declaration, and Exhibit, finds that good cause exists to increase the
2 | Civ. L.R. 7-4(b) 25 page limit to ~~65~~ 45 pages in regards to ACE's Motion to Modify or Reject
3 | the 2006 Report of the Special Master, and Hewlett Packard Company's ("HP") Opposition
4 | Brief to ACE's Motion to Modify or Reject.
5 |     IT IS THEREFORE ORDER:
6 |     That the Civ. L.R. 7-4(b) limit of 25 pages is increased to a ~~65~~ 45 page limit in regards to
7 | ACE's Motion to Modify or Vacate the 2006 Report of the Special Master, and HP's
8 | opposition to Ace's Motion to Modify or Reject.
9 | Dated: February 28, 2007

_____
THE HONORABLE JAMES WARE
United States District Judge

2955047.813640

2
ORDER EXTENDING PAGE LIMIT
Case No. C-99-20207 JW